■ In the Matter of the Claim of MILTON HURST, Respondent, v. HURST & KLAR INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision and award of benefits to claimant by the Workmen's Compensation Board. The appellants initially urge that the board's finding that claimant's schedule loss of use of his right leg resulted from an industrial accident which purportedly occurred on September 15, 1962, is not supported by substantial evidence. We cannot agree. We find present only issues of fact and particularly credibility as to whether the alleged incident of September 15 actually occurred and thus the board's determination must be upheld (e.g., *Matter of Manolakis* v. *Edison S.S. Corp.,* 15 A D 2d 845). Similarly, there being present no more than the usual conflict of medical testimony the board's finding of causal relationship cannot be disturbed. Appellants also contend, however, that even if an award is required the award for 100% loss of the leg was erroneous as a matter of law. They assert that since claimant's leg was amputated just above the knee and since section 15 of the Workmen's Compensation Law (subd. 3, par. o) provides that, "Compensation for an arm or a leg, if amputated at or above the wrist or ankle, shall be for the proportionate loss of the arm or leg.", a 100% loss cannot be sustained. Section 15 of the Workmen's Compensation Law (subd. 3, par. r) provides, however, that, "Compensation for permanent total loss of use of a member shall be the same as for loss of the member." and Dr. Schnee, a board examining physician, found a "schedule loss of use of 100% of the right leg" a position directly supported by Dr. Rattner, the board's assistant medical director. Thus the board's award for 100% loss must be upheld. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy and Staley, Jr., JJ., concur with Reynolds, J.